UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY RUFFIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-2222 |
| | § | |
| MARGARET E. BAKER ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Dismiss (Doc. No. 6).  After considering the parties' filings and the applicable law, the Court finds that the motion should be granted.

Plaintiff Mary Ruffin ("Ruffin"), proceeding *pro se*, filed suit against Defendants, Margaret E. Baker and Sandy Lowe ("Baker and Lowe" or "Defendants"), based on Defendants' alleged negligent actions.  Ruffin seeks $50,000 in damages, as well as attorneys' fees and costs.

The Court has made a reasonable effort to discern the nature of Ruffin's complaints.  The Court believes that Ruffin accuses the Defendants of negligence in renewing the contract of certain hearing officers hired to rule on complaints brought under the Individual with Disabilities in Education Act ("IDEA").  Ruffin, who alleges that the hearing officers were not impartial, accuses Defendants of negligence in renewing their contracts with the knowledge that they lacked impartiality.

It appears to the Court that Ruffin sues on the same set of facts and issues developed in *Ruffin v. Houston Independent School District*, 2009 WL 3073926 (S.D.

Tex. Sept. 21, 2009).  After a review of that case and the pleadings in this case, the Court

finds that the case is subject to dismissal under several different grounds:

      1.  Failure to state a claim: A court may dismiss a complaint for "failure to state a

claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  "To survive a Rule

12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but

must provide the plaintiff's grounds for entitlement to relief—including factual

allegations that when assumed to be true 'raise a right to relief above the speculative

level.'"  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)).  That is, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S.

at 570).  Ruffin's complaints do not meet this standard.  Her pleadings are difficult to

understand, and do not state a claim that is plausible on its face.

      2.  Qualified immunity: To the extent Ruffin is suing Baker and Lowe in their

individual capacities under Section 1983, Defendants have asserted the qualified

immunity defense.  In examining whether an official is entitled to qualified immunity, a

court "conduct[s] the two-step analysis" outlined in *Saucier v. Katz.  Lytle v. Bexar*

*County*, 560 F.3d 404, 409 (5th Cir. 2009) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)).

*Saucier* maintained a "rigid 'order of battle,'" *id.* at 409, whereby qualified immunity was

to be determined by examining first, whether the facts alleged show that an official

violated a statutory or constitutional right, and second, whether that right was clearly

established at the time of the violation.  533 U.S. 194, 200-01 (2001), *overruled in party*

*by Pearson v. Callahan*, --- U.S. ---, 129 S. Ct. 808 (2009).  After the Supreme Court's

decision in *Pearson v. Callahan*, a court need not address these two questions in that particular order.  129 S. Ct. at 818.

From the Court's understanding of Ruffin's claims, she is alleging improper renewal of one or several hearing officers' contracts.  Ruffin has failed to allege the violation of any clearly established right based on this set of facts.  Thus, she has failed to plead facts sufficient to overcome Defendants' qualified immunity defense.

3.  Eleventh Amendment immunity: To the extent Ruffin is suing Baker and Lowe in their official capacities, this suit is not one against individuals, but is "rather a suit against the official's office.  As such it is no different from a suit against the State itself." *Hafer v. Melo*, 502 U.S. 21, 26 (1991) (citations omitted).  Thus, Baker and Lowe may assert the same defenses that the State possesses, which includes Eleventh Amendment immunity.  *Kentucky v. Graham*, 473 U.S. 159, 167 (1985).  The Court finds that Ruffin's suit is barred by Eleventh Amendment immunity.  Ruffin alleges no basis upon which the Court may find that immunity does not apply here, and on its own review, the Court finds none.

4.  Defendants are not "persons" under Section 1983: To the extent Ruffin is suing Defendants in their official capacities, her suit may not proceed under Section 1983.  Defendants, in their official capacities, do not constitute "persons" as required by Section 1983.  *Hafer*, 502 U.S. at 26 ("'[N]either a State nor its officials acting in their official capacities are 'persons' under [Section] 1983.'") (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

5.  Failure to exhaust administrative remedies: Ruffin has not asserted a specific cause of action against the Defendants under IDEA.  To the extent she is suing under 20

U.S.C. § 1415, she is required to exhaust her administrative remedies before filing this action. *Id.* § 1415(*l*). Ruffin does not establish that she has exhausted her administrative remedies. Given that her previous suit, *Ruffin v. Houston Independent School District*, was dismissed at the summary judgment phase for the same deficiencies, the Court believes that she has similarly failed to exhaust her administrative remedies here. Therefore, this Court lacks subject matter jurisdiction over the suit. *Ruffin*, 2009 WL 3073926, at *14.

6. Claim preclusion: "Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Matter of Swate*, 99 F.3d 1282, 1286 (5th Cir. 1996) (citing *Super Van Inc. v. San Antonio*, 92 F.3d 366, 370 (5th Cir. 1996)). Claim preclusion, or *res judicata*, applies where: "(1) The parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* at 1286. To the extent Ruffin is suing on the same set of operative facts asserted in her prior suit before this Court, the Court finds that this suit is barred by *res judicata*.

For these reasons, Defendants' Motion to Dismiss (Doc. No. 6) is **GRANTED**. Any and all pending motions are **DISMISSED AS MOOT**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 25th day of March, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**